

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2009

# USA v. Tyrone Roane

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3986

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Tyrone Roane" (2009). *2009 Decisions.* Paper 1169.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1169

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3986
_____

UNITED STATES OF AMERICA,

v.

TYRONE ROANE,
                              Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 07-cr-00048-001)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2009

Before:  FISHER and CHAGARES, *Circuit Judges*, and DIAMOND,[*] *District Judge*.

(Filed: June 18, 2009)
_____

OPINION OF THE COURT
_____

---

[*]Honorable Paul S. Diamond, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

DIAMOND, *District Judge*.

Tyrone Roane appeals from his conviction for possession with intent to distribute more than five grams of cocaine base; possession of a firearm in furtherance of a drug trafficking crime; and felon in possession of a firearm. 21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. §§ 924(c)(1)(A), 922(g)(1). Roane argues that the District Court: 1) improperly denied his motion to suppress evidence; and 2) should have declared a mistrial after at least one member of the jury briefly saw Roane in handcuffs at the start of his trial. For the reasons that follow, we will affirm.

## I.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

We review the denial of a suppression motion for clear error as to the factual findings, and exercise plenary review of the District Court's application of law to those facts. United States v. Veal, 453 F.3d 164, 166 n.2 (3d Cir. 2006); United States v. Coles, 437 F.3d 361, 365 (3d Cir. 2006).

We review the denial of a motion for mistrial for abuse of discretion. United States v. Rivas, 493 F.3d 131, 139 (3d Cir. 2007).

Because we write primarily for the Parties, we will summarize only those facts pertinent to our analysis.

On March 27, 2007, a "reliable source" described to Wilmington Police a man who was selling drugs at 2201 North Pine Street. (App. I at 21.) A short time later, Officers Kurt Bryson and Shawn Gordon drove by the North Pine Street address in a marked vehicle and saw Roane (who matched the informant's description), sitting outside the residence, which police later learned was owned by Victoria Jones. (Id. at 21-22.)

When the officers again drove past the house, Bryson called to Roane: "Hey, come here." (Id. at 22.) Roane immediately jumped up and ran onto the porch, disregarding Bryson's repeated direction that he stop. (Id.) As the police pursued Roane through the Jones house, a third officer, Brian Witte, waited behind the residence. (Id. at 23.) Roane left the house through the back door, saw Witte, and threw two white objects and a black object – which Witte believed was a handgun – into a neighboring yard. (Id.) Roane then ran back to the rear door of the house, where he encountered police, who arrested him. (Id. at 24.)

Roane moved to suppress, *inter alia*, the evidence police recovered from the neighboring property: a black handgun and two bags of cocaine base. (App. II at 34.) After conducting an evidentiary hearing, the Court denied Roane's Motion. (App. I at 20-32.)

Shortly after Roane's trial began on March 12, 2008, security personnel informed Counsel that jurors may have accidentally glimpsed Roane in handcuffs as he left the courtroom. (App. II at 248-49.) The defense immediately moved for a mistrial. (Id. at 249.) The trial judge denied the Motion without prejudice to renew after the jurors were individually questioned. (Id.) The judge and the Parties agreed that to avoid creating prejudice, the *voir dire* would not include any explicit reference to Roane being handcuffed. (Id. at 254-63.) The trial judge thus asked each juror whether he or she: 1) had seen Roane after the jurors were dismissed for lunch; and 2) heard anyone else mention seeing Roane after the jurors were dismissed. If a juror answered yes to either question, the judge asked whether: 1) that information affected the juror's ability to judge Roane fairly and impartially; and 2) the juror understood that Roane was presumed innocent and that the Government bears the burden of proving him guilty beyond a reasonable doubt. (Id. at 265-80.)

During individual *voir dire*: 1) a juror said he saw Roane in handcuffs, but did not discuss it with anyone; 2) a juror stated that she heard that "some" jurors had seen Roane in handcuffs and that this was discussed by at least three jurors; and 3) a juror stated that he heard "a few jokes made" among the jurors that Roane could not flee because he was in handcuffs. (Id.) These jurors also stated that nothing they had seen or heard would affect their ability to decide the case fairly and impartially, that they understood that Roane is presumed innocent and that the Government bears the burden of proving guilt

4

beyond a reasonable doubt. (Id.) Crediting the jurors' testimony, the judge again denied Roane's renewed motion for a mistrial, and cautioned the entire jury as follows:

> You must make your decision, as you know, in this case based only on the evidence that you see and hear in this courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of this courtroom influence your decision in any way.

(Id. at 292.)

In its final instructions, the District Court again cautioned the jury respecting the Government's burden of proof and the presumption of innocence. In addition, the Court again reminded the jury of its obligation to be fair and to decide the case solely on the evidence presented in Court. (App. III at 574-88.)

IV.

Although Roane contends that the police officers lacked reasonable suspicion to conduct an investigative stop, he does not argue that their seizure of the gun and drugs was the result of that stop. Presumably this is because the police never conducted an investigative stop of Roane, who fled as soon as the police called to him. Thus, the District Court correctly concluded that Defendant was not "seized" until after he discarded his gun and drugs. See United States v. Crandall, 554 F.3d 79, 84 (3d Cir. 2009).

As the Supreme Court explained, mere police pursuit of a fleeing individual does not constitute a stop or a seizure. Rather, a Fourth Amendment stop or seizure occurs only once the individual submits to the authority of law enforcement or is subject to the

5

application of physical force.  California v. Hodari D., 499 U.S. 621, 626 (1991) ("An arrest requires either physical force . . . or, where that is absent, submission to the assertion of authority.").  Accordingly, the Hodari D. Court held that because the fleeing defendant had discarded contraband before he was seized by police, the contraband was not the fruit of that seizure and not subject to suppression.  Id. at 626.  We have held similarly.   See United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006).

Because the police did not physically seize Roane and Roane did not otherwise submit to the officers' authority before discarding the gun and drugs, there was no investigative stop – or any other Fourth Amendment seizure – that preceded or compelled Roane's abandonment of the gun and drugs.  See United States v. Valentine, 232 F.3d 350, 358 (3d Cir. 2000) ("[I]f the police make a show of authority and the suspect does not submit, there is no seizure.").  Accordingly, because the recovery of the contraband was not the fruit of any Fourth Amendment violation, the District Court properly denied Roane's motion to suppress.

Roane also argues that the trial judge should have declared a mistrial after a juror briefly saw Roane in handcuffs.  With other courts of appeals, we have long held that a brief, unintended glimpse of a defendant in handcuffs is not inherently prejudicial and does not require a mistrial without an affirmative showing of actual prejudice.  See United States v. Chrzanowski, 502 F.2d 573, 576 (3d Cir. 1974) ("The fact that jurors may briefly see a defendant in handcuffs is not so inherently prejudicial as to require a

mistrial."); <u>United States v. Simpson</u>, 950 F.2d 1519, 1522 (10th Cir. 1991) (collecting cases).

Roane believes he made out actual prejudice through the inconsistent answers two jurors gave on *voir dire*: 1) one juror testified that she heard at least three jurors discuss that Roane was in handcuffs, yet only one other juror admitted hearing it discussed; and 2) the only juror to acknowledge seeing Roane in handcuffs stated that he did not discuss it with anyone.

These inconsistencies are not significant. The trial judge asked jurors only general questions regarding what, if anything, they might have seen or heard after being dismissed for lunch. That a juror may not have thought to mention seeing Roane in handcuffs – or hearing another juror discuss it – hardly indicates that the juror was lying. On the contrary, the District Court – which was certainly in the best position to determine credibility – found that the jurors were truthful. Moreover, all the challenged jurors confirmed under oath both their ability to be fair and impartial to Roane and their understanding that the Government had the burden of proving Roane guilty beyond a reasonable doubt. Moreover, as we have described, the judge also gave the entire jury further instructions reiterating their obligation to be fair and follow the law.

In these circumstances, we believe that Roane has not shown actual prejudice and the District Court did not abuse its discretion in denying his motion for a mistrial. <u>See</u> <u>United States v. Waldon</u>, 206 F.3d 597, 608 (6th Cir. 2000).

7

V.

For the reasons stated, we will affirm the judgment of the District Court.